This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41453**

**ADRIAN NOGALES,**

Worker-Appellant,

v.

**ALBUQUERQUE PUBLIC SCHOOLS,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Leonard J. Padilla, Workers' Compensation Judge**

Candelaria Law LLC
Jacob R. Candelaria
Albuquerque, NM

for Appellant

Kimberly A. Syra
Veguita, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Worker appeals from an order granting summary judgment entered in favor of Employer on September 25, 2023. [1 RP 284] This Court issued a calendar notice proposing to summarily affirm. Worker filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Worker initially asserts in his memorandum in opposition that the Legislature did not intend workers to bear the financial costs of obtaining expert medical testimony to prove their entitlement to Worker's compensation benefits. [MIO 2] However, the issue

before this Court is whether the district court abused its discretion in denying Worker's application for an independent medical examination (IME), pursuant to NMSA 1978, Section 52-1-51 (2013). The plain language of Section 52-1-51(B) comports with Worker's assertion and states that "[t]he employer shall pay for any [IME]." *See High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 ("[T]he plain language of a statute is the primary indicator of legislative intent." (internal quotation marks and citation omitted)). Thus, if Worker had been entitled to the IME, Section 52-1-51(B) would have required Employer to pay for it. Yet, Worker must still demonstrate that the district court abused its discretion in denying the application for the IME, pursuant to Section 52-1-51(A). Consequently, we conclude this argument does not demonstrate error.

**{3}** Worker next asserts a number of facts that he alleges "more than establish a legally sufficient reason to order an IME." [MIO 5] However, we do not sit in the same position as the WCJ. Our standard of review requires us to determine if there was an abuse of discretion, not whether we would have ordered the IME if we were the WCJ. *See Gutierrez v. J & B Mobile Homes*, 1999-NMCA-007, ¶ 17, 126 N.M. 494, 971 P.2d 1284 (concluding that a "WCJ is invested with the discretion to determine whether . . . good cause exists for conducting [an IME]"). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). Indeed, Worker specifically acknowledges that "there may be reasons for not granting an IME." [MIO 6]

**{4}** The only factual assertions supporting the request for the IME that were not already addressed in our proposed disposition are that Worker saw an improvement after receiving the antibiotics in Spain and that "Dr. Jones is not an expert in infectious diseases medicine." [MIO 5] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Upon review of the application for the IME and the motion for reconsideration, we were unable to locate where Worker made these assertions before the WCJ. [1 RP 26-28, 212-15] Further, Worker does not indicate in his memorandum where the assertions were preserved or whether he presented evidence establishing these facts to the WCJ. *See Gutierrez*, 1999-NMCA-007, ¶ 17 ("[T]he party seeking an order authorizing the conducting of an IME must present evidence to show that the request is reasonably necessary."); *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (noting that this Court reviews only matters that were presented to the trial court). Consequently, we conclude that these unpreserved assertions do not demonstrate that the WCJ abused its discretion. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 (noting that without a "citation to the record or any obvious preservation, we will not consider" an issue).

**{5}** Lastly, Worker asserts that we should not affirm "because the testimony of any provider that [Worker] paid out of their own pocket to see on account of the WCJ's refusal to order an IME who was not Dr. Jones, or an IME provider, would not be admissible at trial." [MIO 3] This assertion does not demonstrate that the WCJ abused its discretion in denying the application for the IME. Accordingly, for these reasons and those stated in our notice of proposed disposition, we affirm.

**{6}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**